CHIEE JUSTICE WILLIAMS
delivered tub opinion op the court.
The offense charged in this indictment, to which the court sustained a demurrer, is “malicious mischief in the shooting and killing by appellee of the sheep of Allen Collins, willfully and unlawfully, without the owner’s consent.”
By section 7, article 25, chapter 28,1 Stanton’s Revised Statutes, 411, it is enacted that if any person unlawfully, but not with felonious intention, destroy or injure any property, real or personal, of another, he shall be subject to indictment and fine of from ten to two hundred dollars.
By section 165, Criminal Code, a demurrer is proper when the indictment does not substantially conform to the requisites of article 2, chapter 2, title 6. By section 123 of said article, chapter, and title, “the indictment must Toe direct and certain as regards ‘ the offense charged ’ and the particular circumstances of the offense charged, where they are necessary to constitute a complete offense.”
Here the offense and in what it consisted is directly charged, but it is named as malicious mischief instead of willful trespass.
Mr. Wharton, in his admirable work on American Criminal Law, volume 2, section 2002, says: “Malicious mischief in this country, as a common law offense, has received a far more extended interpretation than has been attached to it in England. There almost every article of property subject to mischievous injury has been sheltered from such assaults by severe penalties, beginning with 37 Henry VIII., chapter 6, and ending with the Black Act, *265 and running down to George III., and estimated to contain over eighteen hundred sections.
“ In its general application it may be defined to be any malicious or mischievous injury, either to the rights of another or to those of the public in general. Thus it has been considered an offense at common law to destroy a horse belonging to another, or a cow, or a steer, or any beast whatever which may be the property of another.” And many other things fall within the definition of this offense.
Our statute though, under the head of “trespass and injury to property,” does not specifically enact the name but the character of the offense. The common law designation of this offense is not only natural, but eminently proper, and embraces more than a mere willful trespass on property.
The offense charged was at common law known as a malicious mischief, and our statute has enacted that such trespass to personal property shall be an indictable offense, but limits the discretion of the jury, which the common law did not. We conceive that the indictment is good, and that the party should be put on his defense.
Wherefore the judgment sustaining the demurrer is reversed, with directions for further proceedings as herein indicated.